No. 77–1226.  LONG *v.* UNITED STATES.  C. A. 2d Cir. Certiorari denied.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

In September 1975, a friend of petitioner in West Germany mailed petitioner a magazine, entitled Stellungen.  A customs officer, assigned to the Post Office opened the envelope containing the magazine and forwarded it to customs officials who determined that the magazine was obscene, seized it, and began forfeiture proceedings against it under 19 U. S. C. § 1305 [1] in the District Court for the Southern District of New York.  Petitioner appeared in response to a notice of the impending forfeiture, see 19 CFR § 12.40 (1977), and argued that the magazine was not obscene under standards prevailing in Lancaster, Pa., petitioner's home and the address to which

---

[1] "All persons are prohibited from importing into the United States from any foreign country . . . any obscene book [or] pamphlet . . . and all such articles . . . shall be subject to seizure and forfeiture . . . ."

the magazine was sent. The trial judge agreed with petitioner that the relevant inquiry related to community standards in Lancaster and dismissed the complaint since the United States had failed to produce evidence of the relevant community standard.[2] The Court of Appeals for the Second Circuit reversed, holding that the relevant community standards were those at the port of entry, the Southern District of New York.

I continue to adhere to the view expressed in my dissent in *United States* v. *12 200-Ft. Reels of Film,* 413 U. S. 123, 138 (1973):

> "Whatever the extent of the Federal Government's power to bar the distribution of allegedly obscene material to juveniles or the offensive exposure of such material to unconsenting adults, the statute before us is . . . clearly overbroad and unconstitutional on its face."

Accordingly, I would reverse the judgment of the Court of Appeals.

---

[2] In addition, the trial court ruled that the procedures afforded under § 1305 were insufficient to satisfy the First Amendment. Cf. *Freedman* v. *Maryland,* 380 U. S. 51 (1965). The Court of Appeals disagreed.